Fill in this information to identify the case:

United States Bankruptcy Court for the:

_____ District of **Delaware**
(State)

Case number (*If known*): _____ Chapter **7**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   Bus Air, LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   8 3 - 2 5 5 8 2 2 9

4. **Debtor's address**

   **Principal place of business**

   6630   East Highway 114
   Number   Street

   Haslet   TX   76052-2054
   City   State   ZIP Code

   Tarrant
   County

   **Mailing address, if different from principal place of business**

   2900   County Road 6 West
   Number   Street

   P.O. Box

   Elkhart   IN   46514-8297
   City   State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number   Street

   City   State   ZIP Code

5. **Debtor's website** (URL)

   N/A

| Debtor | Bus Air, LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

6. **Type of debtor**
   - ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   - ☐ Partnership (excluding LLP)
   - ☐ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*
   - ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   - ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   - ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   - ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   - ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   - ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   - ☒ None of the above

   B. *Check all that apply:*
   - ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   - ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   - ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   3  3  3  4

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*
   - ☒ Chapter 7
   - ☐ Chapter 9
   - ☐ Chapter 11. *Check **all** that apply:*
     - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☐ A plan is being filed with this petition.
     - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
     - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
     - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   - ☐ Chapter 12

Debtor  Bus Air, LLC　　　　　　　　　　　　　　　　　　　　　Case number (*if known*) _____
　　　　　Name

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No
☐ Yes.　District _____　When _____　Case number _____
　　　　　　　　　　　　　　　　　　MM / DD / YYYY
　　　　　　　District _____　When _____　Case number _____
　　　　　　　　　　　　　　　　　　MM / DD / YYYY

If more than 2 cases, attach a separate list.

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.　Debtor  See Schedule 1, attach　　Relationship _____
　　　　　District _____　　　　　　　　　　　When _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　MM / DD / YYYY
　　　　　Case number, if known _____

List all cases. If more than 1, attach a separate list.

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply*.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
　What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
　　　　　　　　　　　　　　Number　Street
　　　　　　　　　　　　_____
　　　　　　　　　　　　City　　　　　　　　　State　　ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
　　　　Contact name _____
　　　　Phone _____

---

**Statistical and administrative information**

| Debtor | Bus Air, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

### 13. Debtor's estimation of available funds

Check one:

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

### 14. Estimated number of creditors

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

### 15. Estimated assets

☒ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

### 16. Estimated liabilities

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☒ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### 17. Declaration and signature of authorized representative of debtor

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/16/2022
MM / DD / YYYY

✘ /s/ Todd Courts                                Todd Courts
Signature of authorized representative of debtor    Printed name

Title Chief Financial Officer

| Debtor | Bus Air, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**18. Signature of attorney**   ✘   /s/ Joseph C. Barsalona II    Date  11/16/2022

Signature of attorney for debtor                                      MM / DD / YYYY

Joseph C. Barsalona II
Printed name

Pashman Stein Walder Hayden, P.C.
Firm name

1007      North Orange Street, 4th Floor, Suite #183
Number    Street

Wilmington                              DE          19801
City                                    State       ZIP Code

302-592-6497                            Jbarsalona@pashmanstein.com
Contact phone                           Email address

6102                                    DE
Bar number                              State

# SCHEDULE 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below filed a petition in this court for relief under chapter 7 of title 11 of the United States code.

1. ProAir Holdco, LLC
2. ProAir Intermediate Holdco, LLC
3. ProAir, LLC
4. American Cooling Technology, LLC
5. Bus Air, LLC
6. Evans Tempcon Delaware, LLC

OMNIBUS UNANIMOUS WRITTEN CONSENT

OF THE

GOVERNING BODIES

OF

PROAIR HOLDCO, LLC
PROAIR INTERMEDIATE HOLDCO, LLC
PROAIR, LLC
AMERICAN COOLING TECHNOLOGY, LLC
BUS AIR, LLC
EVANS TEMPCON, LLC

November 15th, 2022

The undersigned, being (a) all of the members of the board of managers (the "Board") of ProAir Holdco, LLC, a Delaware limited liability company (the "ProAir Holdco"), (b) pursuant to Section 4.12(a)(viii) of the Parent LLC Agreement, the holders of 70% of the Class A Units of ProAir Holdco (the "Supermajority Class A Unitholders") and (c) ProAir Intermediate Holdco, LLC ("ProAir Intermediate Holdco"), a Delaware limited liability company, as sole manager (the "Sole Manager"; together with the Board and the Supermajority Class A Units, each individually, a "Governing Body" and collectively, the "Governing Bodies") of ProAir, LLC, a Delaware limited liability company ("ProAir"), American Cooling Technology, LLC, a Delaware limited liability company ("American Cooling"), Bus Air, LLC, a Delaware limited liability company ("Bus Air"), and Evans Tempcon, LLC, a Delaware limited liability company ("Evans Tempcon"), hereby take, pursuant to the Delaware Limited Liability Company Act and in accordance with the Parent LLC Agreement and the Limited Liability Company Agreements of ProAir, American Cooling, Bus Air and Evans Tempcon, the following actions and adopt the following resolutions by written consent in lieu of a meeting of each Governing Body, with the same force and effect as if taken at a meeting of such Governing Body:

**WHEREAS**, the Board has reviewed and considered, among other things, the financial condition of ProAir Holdco, ProAir Intermediate Holdco, ProAir, American Cooling, Bus Air, and Evans Tempcon (collectively, the "Entities") on the date hereof; and

**WHEREAS**, the Board acknowledges that the financial condition of the Entities is dire due to severe liquidity constraints;

**WHEREAS**, the Board has received, reviewed, and considered the recommendations of the Entities' legal and other advisors as to the relative risks and benefits of pursuing a bankruptcy case under the provisions of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, the Board has the authority to authorize a bankruptcy filing under chapter 7 of the Bankruptcy Code for the Entities,

**NOW, THEREFORE, BE IT RESOLVED**, that, with respect to the Entities, the Board has determined that it is desirable and in the best interests of the Entities, their stockholders, creditors, and other interested parties that voluntary petitions (the "Petitions") be filed by the Entities under the provisions of chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and be it

**FURTHER RESOLVED**, that the undersigned and any duly appointed officer of the Entities (each, an "Authorized Person"), in each case, acting individually or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, verify, deliver, and file with the Bankruptcy Court, in the name and on behalf of the Entities, and under its corporate seal or otherwise, all petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, plans, and other documents (collectively, the "Chapter 7 Filings") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 7 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it

**FURTHER RESOLVED**, that any Authorized Person, in each case, acting individually or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Entities, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with the Entities' chapter 7 cases (the "Chapter 7 Cases") or the Chapter 7 Filings, including, without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 7 Cases with a view to the successful prosecution of the Chapter 7 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it

**FURTHER RESOLVED**, that the retention of the law firm of Pashman Stein Walder Hayden, P.C. ("Pashman Stein"), to represent the Entities as bankruptcy counsel on the terms set forth in its engagement letter with the Entities and to represent and assist the Entities in preparing and filing the Petitions, the Chapter 7 Filings, and related forms, schedules, lists, statements and other papers or documents is hereby approved, adopted, ratified and confirmed in all respects

DocuSign Envelope ID: 4842BDF6-4689-4305-988F-F34115D36FA5

**FURTHER RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects adopted, confirmed, approved, and ratified.

*[Remainder of Page Intentionally Left Blank]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers of PROAIR HOLDCO, LLC, having adopted the foregoing resolutions as of the date first set forth above.

**BOARD OF MANAGERS OF PROAIR HOLDCO, LLC:**



_____
Patrick Schafer

_____
Michael Pizette

_____
William Karol

**IN WITNESS WHEREOF**, the undersigned, being the sole manager of PROAIR, LLC, AMERICAN COOLING TECHNOLOGY, LLC, BUS AIR, LLC, and EVANS TEMPCON, LLC, having adopted the foregoing resolutions as of the date first set forth above.

**PROAIR INTERMEDIATE HOLDCO, LLC,**
as sole manager of ProAir, LLC, American Cooling Technology, LLC, Bus Air, LLC, and Evans Tempcon, LLC

By: ProAir Holdco, LLC
as its sole member

By: *Patrick Schafer*
      Name: Patrick Schafer
      Title: Manager

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Bus Air, LLC<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 22-_____ (__) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than governmental units, that directly or indirectly own 10% of more of any class of the Debtor's equity interests:

| Name and last known address or place of business of holder | Kind of Interest |
|---|---|
| ProAir Intermediate Holdco, LLC<br>2900 County Road 6 West<br>Elkhart, IN 46514 | Common Stock |

---

[1] The last four digits of the Debtor's federal tax identification number are 8627. The Debtor's corporate headquarters and mailing address is 2900 County Road 6 West Elkhart, IN 46514.

**Fill in this information to identify the case and this filing:**

Debtor Name  Bus Air, LLC

United States Bankruptcy Court for the: District of Delaware
                                                State)

Case number *(If known):* _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration   Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/16/2022                 X /s/ Todd Courts
              MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                          Todd Courts
                                          Printed name

                                          Chief Financial Officer
                                          Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ProAir Holdco, LLC<br><br>        Debtor.[1] | Chapter 11<br><br>Case No. 22-_____ (__) |
| In re<br><br>ProAir Intermediate Holdco, LLC<br><br>        Debtor. | Chapter 11<br><br>Case No. 22-_____ (__) |
| In re<br><br>ProAir, LLC<br><br>        Debtor. | Chapter 11<br><br>Case No. 22-_____ (__) |
| In re<br><br>American Cooling Technology, LLC<br><br>        Debtor. | Chapter 11<br><br>Case No. 22-_____ (__) |

---

[1] The Debtors in the above captioned Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: ProAir Holdco, LLC (1960), ProAir Intermediate Holdco, LLC (3331), ProAir, LLC (8392), American Cooling Technology, LLC (7742), Bus Air, LLC (8627) and Evans Tempcon Delaware, LLC (XXXX). The Debtors' principal place of business is 2900 County Road 6 West, Elkhart, IN 46514.

|  |  |
|---|---|
| In re<br><br>Bus Air, LLC<br><br>             Debtor. | Chapter 11<br><br>Case No. 22-\_\_\_\_\_ (\_\_) |
| In re<br><br>ProAir Intermediate Holdco, LLC<br><br>             Debtor. | Chapter 11<br><br>Case No. 22-\_\_\_\_\_ (\_\_) |

## **DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTORS**

1.      Pursuant to Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that my firm, Pashman Stein Walder Hayden, PC ("Pashman") is counsel for the above-captioned debtors (the "Debtors") and that compensation paid to Pashman within one year before the filing of the petition in bankruptcy, or agreed to be paid to Pashman, for services rendered or to be rendered on behalf of the Debtors in contemplation of or in connection with the bankruptcy cases is as follows:

| | |
|---|---|
| For legal services, Pashman has agreed to accept | $40,000.00 |
| Prior to the filing of this statement Pashman has received | $40,000.00 |
| Balance Due | $0.00 |

2.      The source of the compensation paid to Pashman were the equity holders of Debtor ProAir Holdco, LLC.

3.      Pashman has not agreed to share the above-captioned disclosed compensation with any other person unless they are a partner, counsel, or associate of Pashman.

4. In return for the above-disclosed fee, Pashman has agreed to pay the filing fees required to commence these bankruptcy cases and has further agreed to render legal services relating to these bankruptcy cases, including:

    a. Analysis of the Debtors' financial situation, and rendering advice to the Debtors in determining whether to file bankruptcy petitions;

    b. Preparation and filing of voluntary petitions in bankruptcy and certain other documents that may be required; and

    c. Representation of the Debtors at the meeting of creditors, and any adjourned hearing thereof.

# CERTIFICATION

I hereby certify that the foregoing is a complete statement of any agreement or agreement for payment to Pashman for representation of the Debtors in these bankruptcy proceedings.

Dated: November 16, 2022  
       Wilmington, Delaware

**PASHMAN STEIN WALDER HAYDEN, P.C.**

*/s/ Joseph C. Barsalona II*
Joseph C. Barsalona II (No. 6102)
1007 North Orange Street, 4th Floor, Suite 183
Wilmington, DE 19801-1242
Telephone: (302) 592-6496
Email: jbarsalona@pashmanstein.com

*Counsel to the Debtors*