# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br>ProAir Intermediate Holdco, LLC,[1]<br>    Debtor. | ) ) ) ) ) | Chapter 7<br>Case No. 22-11195 (LSS)<br>**Re: Docket No. 8** |
| In re:<br>ProAir, LLC,<br>    Debtor. | ) ) ) ) ) ) | Chapter 7<br>Case No. 22-11196 (LSS)<br>**Re: Docket No. 9** |
| In re:<br>American Cooling Technology, LLC,<br>    Debtor. | ) ) ) ) ) ) | Chapter 7<br>Case No. 22-11197 (LSS)<br>**Re: Docket No. 8** |
| In re:<br>Bus Air, LLC,<br>    Debtor. | ) ) ) ) ) ) | Chapter 7<br>Case No. 22-11198 (LSS)<br>**Re: Docket No. 9** |
| In re:<br>Evans Tempcon Delaware, LLC,<br>    Debtor. | ) ) ) ) ) ) | Chapter 7<br>Case No. 22-11199 (LSS)<br>**Re: Docket No. 8** |

**MOTION TO SET EXPEDITED HEARING DATE AND SHORTEN NOTICE
PERIOD WITH RESPECT TO MOTION OF BERKSHIRE BANK
<u>FOR RELIEF FROM THE AUTOMATIC STAY</u>**

Berkshire Bank, a Massachusetts banking corporation ("<u>Berkshire</u>"), by and through its undersigned counsel, hereby files this motion (the "<u>Motion to Shorten</u>") pursuant to Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Section 105(a) of the Bankruptcy Code, and Rules 2002-1(b) and 9006-1(e) of the Local Rules of Bankruptcy

---

[1] The Debtors in the above captioned Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: ProAir Intermediate Holdco, LLC (3331), ProAir, LLC (8392), American Cooling Technology, LLC (7742), Bus Air, LLC (8627) and Evans Tempcon Delaware, LLC (8229). The Debtors' principal place of business is 2900 County Road 6 West, Elkhart, IN 46514.

1

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an Order shortening notice of, and scheduling a hearing on the concurrently-filed *Motion to of Berkshire Bank for Relief From the Automatic Stay* (the "Motion for Stay Relief").[2] In support of this Motion to Shorten, Berkshire respectfully states the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion to Shorten is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The predicates for the relief requested herein are Section 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 9006 and Local Rules 2002-1(b) and 9006-1(e).

## RELIEF REQUESTED

3. Berkshire respectfully requests entry of an order, substantially in the form attached hereto, (a) shortening notice with respect to the Motion for Stay Relief, filed concurrently herewith, (b) scheduling the hearing to consider the Motion for Stay Relief immediately, and (c) providing that any objections or responses to the Motion for Stay Relief must be filed and served so as to be received by the time of the hearing on the Motion for Stay Relief.

## BASIS FOR RELIEF REQUESTED

4. In accordance with Local Rule 9006-1(c) and Bankruptcy Rule 2002, parties generally are required to provide a total of 14 days' notice of motions to parties in interest specified in Local Rule 2002-1(b). However, Local Rule 9006-1(e) provides that the Court may shorten this notice period "on written motion (served on all interested parties) specifying the exigencies

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion to Unseal.

2

justifying shortened notice."

5. According to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without notice order the period reduced." In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspaper, LLC*, 690 F.3d 161, 171-72 (3d Cir. 2012) (noting the commonness of such motions "given the accelerated time frame of bankruptcy proceedings"); *see also In re Hester*, 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts."). Berkshire submits that exigent circumstances warrant granting this Motion to Shorten.

6. As brief background, on or about February 11, 2022, Berkshire and the Debtors entered into a certain Third Amended and Restated Loan and Security Agreement (All Assets) (as amended and/or restated from time to time, the "Loan Agreement"). The Loan Agreement was amended by a First Amendment to Third Amended and Restated Loan and Security Agreement (All Assets) dated as of March 8, 2022. Pursuant to the terms of the Loan Agreement, the Bank agreed to extend a working line of credit to the Debtors of up to $12 Million Dollars. The Loan Agreement is the third in a series of loan agreements between Berkshire and the Debtors dating back over twelve years to April 26, 2010.

7. The obligations of the Debtors owing under the Loan Agreement and related transaction documents (the "Obligations") are evidenced by an Amended and Restated Revolving Note from the Debtors to the Bank dated February 11, 2022 in the maximum principal amount of $12,000,000 (the "Note," collectively with the Loan Agreement and each related loan document, certificate, notice, agreement and other document, the "Loan Documents").

8. As of the Petition Date, the outstanding amount of the Obligations owed by the

Debtors to Berkshire was $7,858,133.75 on account of principal, together with additional interest, attorneys' fees, and costs of collection totaling $8,517,667.85.

9. Berkshire has a properly perfected security interest in all assets of the Debtors. Under the terms of a certain Intercreditor Agreement, Berkshire's security interest was effectively relegated to a first position on accounts receivable, inventory, and the proceeds thereof.

10. Through the Motion for Stay Relief, pursuant to section 362(d) of the Bankruptcy Code, Berkshire respectfully requests entry of an order modifying the automatic stay to permit Berkshire to exercise any and all rights it may have under the Loan Documents and applicable non-bankruptcy law, including, but not limited to, taking possession and disposing of its collateral.

11. The continued imposition of the automatic stay is eroding the collectability of the Debtors' accounts and diminishing Berkshire's ability to engage the Debtors' former employees to finish the work-in-process before customers move on to new suppliers who can fulfill their orders. The Debtors' accounts are rapidly diminishing in value, not only due to the passage of time, but also due to the ripple effects of the Debtors' filings have had and are continuing to have on their former customers. Many of the Debtors former customers informed Berkshire prior to the Petition Date that their accounts may be subject to significant setoffs due to damages caused by the Debtors' failure to deliver product. Former customers have reportedly been forced to furlough their employees and push back production dates as a result of the supply chain vacuum created by the Debtors' sudden cessation of operations. Should relief from the automatic stay be granted, Berkshire stands ready to collect Accounts and has license under the Loan Documents to enter the Debtors' facility as necessary to complete work-in-progress, minimize customer offsets, and maximize value. If Berkshire is not able to obtain stay relief quickly, the value of its collateral will continue to erode.

12. Hearing the Motion for Stay Relief on an expedited basis will not prejudice the Debtors' estates or creditors in any way due to Berkshire's superior lien position as to the collateral that is the subject of the Motion for Stay Relief.

**NOTICE**

13. Notice of this Motion to Shorten has been provided by e-mail to the following parties or their counsel, if known: (a) the United States Trustee; (b) the chapter 7 trustee; (c) counsel to the Term Agent (as that term is defined in the Motion for Stay Relief); and (d) parties entitled to receive notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure.. Berkshire asserts that no further parties require immediate notice of this Motion to Shorten or the Motion for Stay Relief.

14. If the Court grants this Motion to Shorten, Berkshire will immediately serve a copy of the Order on the above-listed notice parties by e-mail.

**NO PRIOR REQUEST**

15. No other or prior motion for the relief sought herein has been made to this Court or any other court.

WHEREFORE, Berkshire respectfully requests that the Court enter an Order: (a) shortening notice with respect to the Motion for Stay Relief; (b) scheduling the hearing to consider the Motion for Stay Relief as soon as possible; and (c) providing that any objections or responses to the Motion for Stay Relief must be filed and served so as to be received on or before the time of the hearing on the Motion for Stay Relief.

Dated: November 23, 2022
Wilmington, Delaware

**CROSS & SIMON, LLC**

 */s/ Kevin S. Mann*
Kevin S. Mann (No. 4576)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
(302) 777-4200
kmann@crosslaw.com

-and-

James C. Fox (MA BBO# 548664)
Rion M. Vaughan (MA BBO# 689153)
**RUBERTO, ISRAEL & WEINER, P.C.**
255 State Street, 7th Floor
Boston, Massachusetts 02109
(617) 742-4200
jcf@riw.com
rmv@riw.com

*Counsel for Berkshire Bank*